**JONES v. CLARKE et al. (No. 8139.)**

Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1929.

Rehearing Denied Feb. 27, 1929.

See, also, 292 S. W. 585.

Davis E. Decker, of Raymondville, for appellant.

R. F. Robinson and A. B. Crane, both of Raymondville, for appellees.

SMITH, J. Appellant, Jones, undertook to purchase from appellee Clarke a tract of land situated in Willacy county, upon the agreed consideration of $3,000 in cash and Jones' assumption of an outstanding obligation against the land. Under the provisions of the contract of purchase and sale, the papers in the transaction were deposited in the First State Bank of Lyford. Jones sought to make the cash payment of $3,000 by check drawn against his account with a bank in Ozark, Ark. He drew the check and delivered it to the Lyford bank, which accepted it for collection, but thereafter refused to pay over to Jones or otherwise credit him with the amount of the check, or to return the check to him. By this process the land deal between Jones and Clarke failed, and the latter thereafter sold and conveyed the land to one Redmund. Under the escrow arrangement Jones also deposited $200 in cash with the Lyford bank to be forfeited to Clarke as liquidated damages in event of Jones' failure to comply with his obligation to purchase. This deposit was paid over to Clarke as a result of Jones' default in the purchase of the land. Subsequently Jones brought this action against Clarke, the Lyford bank, and its cashier, C. E. Craig, and against Redmund, the final purchaser of the land involved. Jones afterwards dismissed Redmund from the suit. A trial resulted in a judgment against Jones as to all the remaining defendants, as well as a decree quieting title and possession in Redmund, notwithstanding the latter had ceased to be a party to the suit. Jones has appealed.

The testimony concerning the Lyford bank's alleged conversion of Jones' $3,000 check, and the proceeds thereof, is wholly unsatisfactory. Most of that testimony, although admitted without objection, is so grossly hearsay in its nature as to render it utterly incompetent and without probative value. It does clearly appear from competent testimony, however, that the Lyford bank accepted Jones' check on the Ozark bank, and assumed to collect the proceeds thereof and pay them over or credit them to Jones. It thereupon became the duty of the Lyford bank to use due diligence to collect the amount of the check and pay over the proceeds thereof to Jones, or, in event of its inability after due effort to collect the proceeds, to return the check to Jones and thereby relieve itself of further obligation in the transaction.

The burden rested upon Jones to show delivery of the check to the bank, the bank's acceptance thereof for collection, and its failure to deliver the proceeds to him, or, in the alternative, its refusal to return the check to him. He met this burden upon the trial. By this process the burden of the case shifted to the bank to explain its default, and clear itself of liability for its failure to discharge its obligation to return the check or pay the proceeds thereof to Jones. No effort was made by the bank to discharge this burden.

There is evidence of a purely hearsay nature that, upon accepting Jones' check for collection, the Lyford bank forwarded it to the Ozark bank, upon whom it was drawn, for payment; that the Ozark bank received the check and issued its cashier's or certified check for the amount, payable to the Lyford bank, to whom it forwarded that check; that the Lyford bank then returned the check to the Ozark bank for final payment. At this juncture even the hearsay evidence becomes so hazy and vague as to warrant no conclusion of fact, but it is inferable therefrom that, by the time the certified check was returned for payment, the Ozark bank had suspended business, and did not pay the returned check. But it further appears that after a period of suspension the Ozark bank was reorganized and resumed business, and, further, that the amount of Jones' check had been charged against his account in that bank. There is no competent evidence of a probative nature that the Lyford bank did not collect the amount of Jones' check which it had received and assumed to collect. It is positively established that that bank did not pay over to or credit Jones with the proceeds of the check, or return the check to Jones, notwithstanding his demand therefor. If the bank did not receive those proceeds, and could not for any reason pay over those proceeds or return the check to Jones, the facts excusing it from discharging that duty rested peculiarly within the knowledge of the bank's officials, and it was its duty to establish those facts upon the trial of this case, it having been first established by Jones that the bank accepted the check for collection, and fails and refuses to pay him the proceeds thereof, or return the instrument to him. In this way only could it avoid its liability under the prima facie case made against it.

The judgment is therefore reversed, and the cause remanded for another trial.